IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IVAN NEATHERY,** individually and as a shareholder of Meridian Bank, <br><br>   Plaintiff, <br><br> vs. <br><br> **CLAY WINFIELD**, individually and as a member of the Board of Directors of Meridian Bank, **TIMOTHY KEISER**, individually and as a member of the Board of Directors of Meridian Bank, **BRAD RENCH**, individually and as the President of Meridian Bank, and the **FEDERAL DEPOSIT INSURANCE CORPORATION**, as Receiver for Meridian Bank, <br><br>   Defendants. | No. 09-cv-631-JPG-DGW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Federal Deposit Insurance Corporation (hereinafter "FDIC") and Defendant Brad Rench's (hereinafter "Rench") Motions to Dismiss (Docs. 10, 11).  Plaintiff Ivan Neathery (hereinafter "Neathery") filed a Response (Doc. 18), to which FDIC filed a Reply (Doc. 19) and a Motion to Submit Supplemental Authority (Doc. 20).  For the following reasons, the Court, *inter alia*, **GRANTS in part** and **DENIES in part** FDIC's Motion to Dismiss (Doc. 10) and Rench's Motion to Dismiss (Doc. 11).

As a preliminary matter, the Court notes that the motions of FDIC and Rench are substantively identical; as such, the Court will address them simultaneously.  Both motions fail to specify a rule under which they filed their motions to dismiss; therefore, the Court assumes the grounds for the motions are as follows.  The Court assumes that the motion to dismiss for failure

1

to fulfill the pre-suit demand requirement is a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (hereinafter "Federal Rule 12(b)(1)"). Meanwhile, the Court assumes that the motion to dismiss the alleged derivative claim is a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) (hereinafter "Federal Rule 12(b)(6)"). As discussed *infra*, despite this procedural distinction, the Court's factual assumptions remain the same.

## BACKGROUND

### I. Motions to Dismiss Generally

For motions made under Federal Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam)* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). The same standard is applicable when a party makes a motion to dismiss under Federal Rule 12(b)(1). *See, e.g.*, *Hammond v. Clayton*, 83 F.3d 191, 192 (7th Cir. 1996); *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

### II. Facts

Rench, the president of Meridian Bank, Clay Winfield (hereinafter "Winfield"), a member of the board of directors of Meridian Bank, and Timothy Keiser (hereinafter "Keiser"), also a member of the board of directors of Meridian Bank, allowed Meridian Bank to extend loans to themselves to purchase real estate at an interest rate less than they would receive with any other bank. These individuals were able to extend these loans by fraudulently pledging security.

Furthermore, the trio caused Meridian Bank to purchase real estate at an amount more than five times the amount of the fair market value. Neathery alleges that these individuals abused their respective positions and inside information and engaged in conduct that benefitted them on a personal basis, to the detriment of Meridian Bank and its shareholders.

On October 10, 2008, the director of the Illinois Department of Financial and Professional Regulation, Division of Banking, closed Meridian Bank and appointed the FDIC as Receiver. (*See* Doc. 2, Exh. A). The FDIC accepted its appointment and has thereafter succeeded to all rights, titles, and powers and privileges of Meridian Bank pursuant to 12 U.S.C. § 1821 (c)(3)(A), including the right to bring a derivative claim against the corporation. (*See* Doc. 2, Exh. B). Neathery, an individual shareholder of Meridian Bank, did not receive notice of the receivership prior to filing his complaint.

## III. Relevant Procedural Posture

On May 28, 2009, Neathery filed a six-count Complaint (Doc. 2, Exh. C.) in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, seeking recovery for alleged misconduct on the part of certain members of Meridian Bank's board of directors and the bank president.

On August 18, 2009, FDIC filed a notice of substitution of parties in order to substitute the FDIC for Meridian Bank. On August 19, 2009, FDIC timely removed the state court action to the United States District Court for the Southern District of Illinois.[1] (Doc. 2). The instant

---

[1] FDIC removed this case to federal court pursuant to 12 U.S.C. § 1819 (a), which states "all suits of a civil nature . . . to which the FDIC . . . is a party shall be deemed as to arise under the laws of the United States." Furthermore, pursuant to § 1819 (b)(2)(B), "[FDIC] may . . . remove any action, suit, or proceeding from a State court to the appropriate United States district court."

motions to dismiss were filed shortly thereafter (Docs. 10, 11).

## ANALYSIS

I. **Conceded Derivative Claims**

As the parties have agreed, FDIC should be substituted as the plaintiff in this lawsuit for Counts I and II, labeled "Shareholder Derivative Claim" and "Shareholder Derivative Claim Waste of Corporate Assets" respectively. Additionally, this would dismiss Neathery from bringing these two claims. The Court sees no reason to stand in the way of the parties' agreement, which should be enforced accordingly.

II. **Exhaustion Issue**

FDIC and Rench first argue that Neathery did not fulfill his pre-suit demand requirement prior to bringing his claims, and his complaint should therefore be dismissed for lack of subject matter jurisdiction. Neathery claims, however, that any pre-suit demand would be futile, and he thus falls under the exception to this requirement.

In a derivative lawsuit, a shareholder is trying to enforce a right that does not belong to him but belongs to the corporation as a whole. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 97 (1991). However, the decision to initiate litigation should be made by the majority of the shareholders or the board of directors; as such, many jurisdictions require that the individual shareholder make a demand to the board before filing a suit. *Id.* at 96.

Illinois state law requires that a demand be made unless such a demand would be futile. *See* 805 ILL. COMP. STAT. ANN. 5/7.80(b) (West 2010). Illinois follows Delaware law with respect to demand futility requirements and implements the test promulgated in *Aronson v. Lewis*, 473 A.2d 805 (Del. 1984). *In re Abbott Labs. Derivative Shareholders Litig.*, 325 F.3d 795, 803 (7th Cir. 2003). Specifically, futility is established if "the alleged particularized facts raise a

reasonable doubt that either (1) the directors are disinterested or independent or (2) the challenged transaction was the product of a valid exercise of the directors' business judgment." *Aronson*, 473 A.2d at 814. A disinterested director "can neither appear on both sides of a transaction nor expect to derive any personal financial benefit from [the challenged transaction]." *Id.* at 812. The business judgment rule presumes that in making a business decision, "the directors of a corporation acted on an informed basis, in good faith and in honest belief that the action was taken in the best interests of the company." *Id.* The shareholder must allege why a demand would have been futile with particularity, and it is not sufficient to state "in conclusory terms that he made no demand because it would have been futile." *Starrels v. First Nat. Bank of Chicago*, 870 F.2d 1168, 1170 (7th Cir. 1989).

In the present case, Neathery was not aware that FDIC had been appointed the receiver of Meridian Bank[2]. Accordingly, Neathery was also not aware that any pre-suit demand would have been made to FDIC and not the board of directors. Neathery states that a demand upon the board of directors would have been futile because the board members are the ones that committed the wrongs alleged in the complaint, and they would not agree to bring suit against themselves.[3] This

---

[2] It bears mentioning that Neathery states this fact in his response to the motions to dismiss and not in his complaint. Generally, courts are limited to considering facts stated within the complaint. *See, e.g.*, *Norman v. Tradewinds Airlines, Inc.*, 286 F. Supp. 2d 575, 580 (M.D. N.C. 2003). Nevertheless, in responding to a motion to dismiss, a plaintiff is free "to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992).
Here, the Court views Neathery's alleged ignorance of the FDIC as receiver to be consistent with the complaint and hereby accepts it as true.

[3] The Court is unaware of the number of directors that comprised Meridian Bank's board of directors.

argument indeed raises a reasonable doubt as to whether the directors were disinterested, as well as whether the challenged transactions were the product of a valid business judgment because the directors were benefitting from the alleged conduct to the detriment of the shareholders. Therefore, the Court finds that Neathery's claims fall within the exception to the pre-suit demand requirement.

**III.     Contested Derivative Claims**

FDIC and Rench also argue that Counts III-VI in the complaint allege injury that is derivative in nature and that these claims therefore belong to FDIC as the receiver for Meridian Bank.  Counts III-V are labeled as "Violation of Illinois Consumer Fraud and Deceptive Business Practices Act" by Rench, Winfield and Keiser respectively, and Count VI is labeled as "Civil Conspiracy."  For all facts alleged in the original complaint, the federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Therefore, the complaint need not allege detailed facts.  *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level."  *Id.* (quoting *Twombly*, 550 U.S. 544, 555  (2007)) (quotations omitted).  The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.  The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Federal] Rule [of Civil Procedure] 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to

find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n. 8.

A shareholder claim is derivative and not individual if the alleged injury affects the shareholder indirectly only in his or her capacity as a shareholder. *Hunter v. Old Ben Coal Co.*, 844 F.2d 428, 432 (7th Cir. 1988). In other words, a derivative claim is a claim that belongs to, and thus can only be brought by, the corporation because the direct harm is to the corporation itself and not the corporation's shareholders. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The question is whether the pleading states an injury to the plaintiff that is an individual claim and is distinguished from the injury which indirectly affects the shareholders as a whole. *Hunter*, 844 F.2d at 432. A finding that there was an injury to the corporation and the individual does not preclude a finding that the claim was non-derivative in nature. *Id.*

A claim sufficiently alleges an individual injury when the shareholder was fraudulently induced to purchase stock. *Pareto*, 139 F.3d at 699-700. The shareholder must show, however, that the fraudulent inducement caused more harm than just devaluation of the stock in order to bring an individual suit. *Id.* at 700. This is because the devaluation of stock is an indirect injury to the shareholders caused by a direct injury to the corporation and thus is derivative in nature. *Id.*

Here, in order to survive the motion to dismiss, Neathery must show that he suffered some sort of individual injury that is distinguishable from the indirect injury of devaluation of stock. He need not state detailed facts, however, he must have a plain statement that demonstrates such individual injury.

The complaint alleges that Rench, Winfield, and Keiser fraudulently told Neathery that

7

they would be following corporate procedures that would safeguard his investment.  Based on these contentions, he then invested his money.  Neathery does not state, however, any specific individual injury he suffered, except that he bought stock under false pretenses.  Furthermore, Neathery does not distinguish why this injury is individual to him and not common to all the shareholders, nor does he explain how the fraudulent inducement resulted in an injury in addition to the devaluation of the stock.  Therefore, Neathery's claims appear to be derivative in nature.

Additionally, Neathery states that as a result of the fraudulent conduct, he, as a shareholder, and Meridian Bank suffered from injury.  Neathery does not state, however, what the injury actually is, nor does he distinguish why this injury is individual to him and not the shareholders in general.  In fact, Neathery specifically states this injury is to everyone as a whole.  Furthermore, he does not distinguish why this injury is more than the devaluation of the stock.  Again, his claims appear to be derivative in nature.

Nevertheless, a complaint should not be dismissed with prejudice and without leave to amend unless it is clear that an amended complaint would still fail to state a claim upon which relief could be granted.  *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).  A court may also deny leave to amend for undue delay, bad faith, dilatory motive, prejudice or futility.  *Id*.  If Neathery is given leave to amend, he could potentially demonstrate that he suffered from an individual injury other than the devaluation of stock based on the conduct of the board of directors.  If he is able to do so, he will have sufficiently alleged a claim for which relief can be granted for the purposes of a motion to dismiss.  There are no facts to suggest that he will be unable to do so.  Additionally, neither FDIC nor Rench argue that Neathery will be unable to allege such injury or that the Court should deny leave for any other reason.  Accordingly, the Court will be granting Neathery leave to amend his complaint.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** FDIC and Rench's Motions to Dismiss (Docs. 10, 11).  Specifically, the Court **GRANTS said motions insofar as they seek dismissal of Neathery with prejudice from bringing Count I, alleging a shareholder derivative claim, and Count II, alleging a shareholder derivative claim of waste of corporate assets**.  The Court **DIRECTS the Clerk of Court to substitute FDIC for Neathery as to said counts, thereby adding FDIC as a plaintiff and terminating FDIC as a defendant in this matter**.  **Neathery's status as plaintiff shall continue**.  The Court **DENIES all other relief sought by FDIC and Rench.**  Further, the Court **GRANTS Neathery leave to amend his complaint no later than March 19, 2010**.  His amended complaint shall not contain Count I or Count II or any new counts.  Finally, the Court **GRANTS** FDIC's Motion to Submit Supplemental Authority (Doc. 20).

The Clerk of Court shall enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**
**DATED: February 25, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
