UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

IVAN NEATHERY, *individually and as a*
*shareholder of Meridian Bank*, and
FEDERAL DEPOSIT INSURANCE
CORPORATION, *as receiver for Meridian*
*Bank*,

      Plaintiffs,

    vs.

CLAY WINFIELD, *individually and as a*
*member of the Board of Directors of*
*Meridian Bank*, TIMOTHY KEISER,
*individually and as a member of the Board of*
*Directors of Meridian Bank*, and BRAD
RENCH, *individually and as the President*
*of Meridian Bank*,

      Defendants.

Case No. 09-cv-631-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case

management.  Specifically, the Court wishes to address the following two potential issues: 1)

Plaintiff Federal Deposit Insurance Corporation's ("FDIC") inaction in this litigation since its

substitution for Plaintiff Ivan Neathery on certain counts of the original Complaint (Doc. 2-3),

and; 2) Neathery's inability to achieve service of process on Defendant Timothy Keiser.  Each

will be addressed in kind.

First, the Court notes that, despite being substituted for Neathery on Counts I and II

("Shareholder Derivative Claim" and "Shareholder Derivative Claim - Waste of Corporate

Assets," respectively) of the original, since-displaced Complaint (Doc. 2-3), the FDIC has not

acted in this litigation.[1] After the FDIC's substitution, Neathery filed an Amended Complaint

(Doc. 22), which deleted said counts at the order of the Court.  (*See* Doc. 21, p. 9) ("[Neathery's]

amended complaint shall not contain Count I or Count II or any new counts.").  In other words,

the FDIC was substituted on two counts that were subsequently dropped by another plaintiff.

The Court is unsure of the FDIC's stance with respect to the posture of this case, especially in

light of ripe Motions to Dismiss (Docs. 23, 32).  As such, the Court **ORDERS the FDIC to file**

**a written explanation of its present and future stance as to this case's posture on or before**

**July 2, 2010.**

Next, despite the fact that the original complaint was filed on May 28, 2009, in Madison

County, Illinois, the Court notes that Keiser has yet to be properly served.  Although, as

discussed *supra*, an amended complaint was more recently filed, the Court looks at the filing

date of the *original* complaint when determining timeliness of service.  *See Bolden v. City of*

*Topeka, Kan.*, 441 F.3d 1129, 1148-49 (10th Cir. 2006); *see also Patterson v. Brady*, 131 F.R.D.

679, 683 (S.D. Ind. 1990).  Accordingly, the Court hereby **ORDERS Neathery to SHOW**

**CAUSE on or before July 2, 2010, why his claims against Keiser should not be dismissed**

**without prejudice for failure to timely effect service.  Failure to respond in a timely manner**

**to this order will result in dismissal of those claims.**

**IT IS SO ORDERED**
**DATED: June 17, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1]As the Court understood FDIC's initial stance in this litigation, it was seeking substitution on all six counts of the original complaint.  However, the Court allowed Neathery to re-plead Counts III-VI with greater specificity to see if he could continue to bring them.  Some of these counts are currently the target of ripe dismissal motions.